FILED
JAMES BONINI
CLERK

2009 SEP 17 P 2: 44

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST DIV. COLUMBUS

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA

v.                              Case No: CR-2-09-054(1),(2),(3)
                                21 U.S.C. §841(a)(1)
                                21 U.S.C. §841(b)(1)(B)(vii)
(1) DANIEL VANCE WALLS,         21 U.S.C. §846
    aka Fly,                    18 U.S.C. §924(c)(1)(A)
                                18 U.S.C. §924(d)(1)
(2) MARK L. MAY,                18 U.S.C. §2

(3) JOSE GUADALUPE CANEZ,
    aka Lupe,                   JUDGE FROST


S U P E R S E D I N G
I N D I C T M E N T

**THE GRAND JURY CHARGES:**

COUNT 1

Beginning in late 1997 or early 1998, through on or about March 26, 2008, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, the defendants, **DANIEL VANCE WALLS, aka Fly,** and **MARK L. MAY**, did knowingly and intentionally combine, conspire, confederate and agree together and with other persons, both known and unknown to the Grand Jury, to unlawfully distribute and possess with intent to distribute 100 kilograms or more of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §841(a)(1) and 21 U.S.C. §841(b)(1)(B)(vii).

1

It was part of the conspiracy that the defendant, **DANIEL VANCE WALLS**, and co-conspirators, both known and unknown to the Grand Jury, would obtain quantities of marijuana from several different sources of supply throughout the course of this conspiracy, which, they would, in turn, distribute to their customer base in southern Ohio.

It was further part of the conspiracy that the defendant, **DANIEL VANCE WALLS,** and co-conspirators, both known and unknown to the Grand Jury, would recruit couriers to transport loads of marijuana to Ohio for further distribution.

It was further part of the conspiracy that the defendant, **MARK L. MAY,** assisted in the unloading of some of the marijuana shipments once they were received by his brother, **DANIEL VANCE WALLS**, in the Southern District of Ohio.

It was further part of the conspiracy that the defendant, **DANIEL VANCE WALLS**, and co-conspirators, both known and unknown, would obtain substantial quantities of U.S. currency as a result of their marijuana distribution activities, which they utilized to further their marijuana business, invest in other business ventures and to sustain their own lifestyles.

In violation of 21 U.S.C. §846.

## COUNT 2

On or about October 17, 2004, the exact dates being unknown to the Grand Jury, in the Southern District of Ohio and elsewhere, **DANIEL VANCE WALLS, aka Fly, MARK L. MAY, and JOSE GUADALUPE CANEZ, aka Lupe,** the defendants, as well as Raymundo Carranza, who is not specifically named as a defendant in the Superseding Indictment, did knowingly and intentionally unlawfully attempt to possess with intent to distribute over 100 kilograms of marijuana, a Schedule I controlled substance.

> In violation of 21 U.S.C. §841(a)(1), 21 U.S.C. §841(b)(1)(B)(vii), 21 U.S.C. §846 and 18 U.S.C. §2.

## COUNT 3

On or about October 17, 2004, the exact dates being unknown, in the Southern District of Ohio, the defendant, **DANIEL VANCE WALLS, aka Fly**, did knowingly carry a firearm, that is, a Kel-Tec, .380 caliber pistol, serial number HFJ69, with five rounds of ammunition, during and in relation to a drug trafficking crime, that is: attempt to possess with intent to distribute over 100 kilograms of marijuana, in violation of 21 U.S.C. §841(a)(1).

> In violation of 18 U.S.C. §924(c)(1)(A) and §2.

## COUNT 4

1. The allegations of Counts 1, 2 and 3 of this Superseding Indictment are realleged and by this reference fully incorporated herein for the purpose of alleging forfeitures to the United States of America, pursuant to the provisions of 18 U.S.C. §924(d)(1).

2. Upon conviction of the offenses alleged in Counts 1, 2 and 3 of the Superseding Indictment, **DANIEL VANCE WALLS, aka Fly**, shall forfeit to the United States all firearms and ammunition involved in the aforestated offense, including but not limited to a Kel-Tec, .380 caliber pistol, serial number HFJ69, with five rounds of ammunition.

In violation of 18 U.S.C. §924(d)(1).

A True Bill.

S/L
FOREPERSON

WILLIAM E. HUNT
Acting United States Attorney

GARY L. SPARTIS
Deputy Criminal Chief

4